UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cr-179 |
| | ) | |
| DEDRICK BROWN | ) | |

**THE GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, Adam L. Mildred, United States Attorney for the Northern District of Indiana, through Thomas M. McGrath and Steven J. Lupa, Assistant United States Attorneys for the Northern District of Indiana and Special Attorneys for the Southern District of Indiana and submits this sentencing memorandum for the Court's consideration.

## I. Introduction

A petition to enter a plea of guilty and plea agreement (DE 20) has been filed whereby Defendant has indicated an intent to plead guilty to count one of the Indictment charging him with a violation of Title 18 U.S.C. § 115(a)(1)(B). The government agreed to recommend a sentence within the calculated guideline range. *Id.* There are no objections to the presentence investigation report ("PSR"), which correctly calculates the sentencing guidelines range as 15-21 months. DE 29. For the reasons set forth below, the Government recommends a sentence of 21 months in prison to be followed by

no additional supervised release.

## II. Factual Background

The offense conduct at issue here stems from threatening the life of a Government official while the official was engaged in his official duties and in retaliation for the performance of his official duties. The facts are accurately set forth in the PSR in paragraphs six through 24. DE 29.

## III. Sentencing Recommendation

The sentencing factors set forth in 18 U.S.C. § 3553(a) support a prison sentence of 21 months.

### A. The Nature and Circumstances of the Offense

Defendant's threats and actions occurred not only while an officer of the court was performing his duties, but in front of a judge, while being recorded, and while dealing with Defendant's prior violations of his supervised release. Defendant made a deliberate choice to express his frustrations by communicating an intent to engage in violence against an officer of the Court for simply relaying factual information as part of his job.

Defendant's actions in this regard are of deep concern. No federal official or employee should have to endure these types of threats for doing their job. Whether Defendant was making the threats to try and silence the official or in retaliation for informing the court of facts that led to Defendant's supervised release revocation, the Defendant's actions are inexcusable. To

make matters worse, when the threats did not have the desired effect, the Defendant attempted to assault the officer by spitting on him. These actions warrant a guideline sentence. The government further believes that the Defendant is particularly aggressive towards the probation department and, given that, a sentence at the high end of the guideline that does not require more contact with that office is appropriate.

### B. The History and Characteristics of Defendant warrant a high-end guideline sentence

Defendant has a lengthy criminal history as described in paragraphs 39 through 46 of the PSR dating back to 2008 and continuing to the present day. While the Defendant is correctly identified as being within criminal history category III, it should be noted that this will be his sixth adult conviction in only 12 years. It should also be noted that several convictions were very close to being pointable suggesting that Defendant's criminal history is underrepresented. While Defendant's mental health issues are well documented (PSR at 73 through 83) and certainly play a role in the issues the Defendant has faced throughout his life, those issues also show that Defendant can be "impulsive and dangerous" making it necessary to balance the mitigating and aggravating aspects of his mental health history in forming an appropriate sentence.

### C. The Need to Provide Just Punishment, and Promote Respect for the Law requires a guideline sentence

Defendant was in court before a federal magistrate judge when he committed this crime. He was threatening an employee of that court whose sole job is to help people like the Defendant navigate their post release life as they integrate themselves back into society. Defendant showed no respect for the law, the Court, the federal employees or his own attorney as he acted out when the results of his own actions led to a supervised release revocation. A sentence at the high-end of the guidelines range is appropriate to reflect the seriousness of this crime and to promote respect for the law. As discussed above, given the nature of this case, more time in prison without continuing the relationship with probation that led to the conviction in the first place is preferable, hence a high-end guideline sentence with no supervised release to follow is warranted.

### D. The Need to Afford Specific and General Deterrence

The need for deterrence is equally important in this case. Defendant may, as a result of this case, continue to have dealings with judicial officials and law enforcement. Defendant must be provided with a strong deterrent not to seek to accomplish his goals or express his frustrations through directly threatening the lives of those who are performing an important public function and whose aims are ultimately to help people in situations

similar to the Defendants.

But beyond specific deterrence, the Court should give considerable weight to general deterrence, which "requires looking beyond the defendant to see how a sentence would impact others considering the same offense." *United States v. Oregon*, 58 F.4th 298, 303 (7th Cir. 2023). Unfortunately, threats like those issued by Defendant are becoming uncomfortably common.

The Seventh Circuit "h[as] often viewed general deterrence as a means of preventing like or related crimes." *United States v. Molton*, 743 F.3d 479, 486 & n.3 (7th Cir. 2014) (collecting cases). Therefore, while specific deterrence is indeed important to ensure that Defendant does not engage in future criminal conduct, the need for general deterrence is paramount in a case like this, especially given today's threat landscape. The Court should make it clear that there are real consequences for threatening public servants and those who work with and for our judicial system. A 21-month prison sentence will accomplish this goal.

## IV. Conclusion

For the reasons set forth above, the Government recommends a prison sentence of 21 months. Such a sentence would be sufficient, but not greater than necessary, to promote respect for the law, to provide just punishment, and to deter Defendant from continuing to engage in criminal conduct.

Respectfully submitted,

Adam L. Mildred
United States Attorney

BY: /s/ Thomas M. McGrath
Thomas M. McGrath
Steven J. Lupa
Assistant United States Attorneys
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320

Special Attorneys
Southern District of Indiana

Acting Under Authority Conferred by
28 U.S.C. § 515